**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL DIONIZIO | 3:20-CV-01542 (KAD) |
| *Petitioner*, | |
| v. | |
| ZELYNETTE CARON | |
| *Respondent*. | October 26, 2020 |

**ORDER DISMISSING PETITION**

Kari A. Dooley, United States District Judge:

On October 13, 2020, Petitioner Michael Dionizio, a sentenced state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges his confinement at Carl Robinson Correctional Institution where he is currently serving his sentence. Specifically, Petitioner alleges, *inter alia*, that he is being held in violation of his constitutional rights to effective assistance of counsel and a unanimous jury verdict. Accordingly, Petitioner asks the Court to overturn his conviction or to grant a new trial.

Section 2241 authorizes a district court to grant a writ of habeas corpus to a prisoner who, *inter alia*, "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, in construing this provision in conjunction with the other federal habeas statutes, the Second Circuit has held that Section 2241 is unavailable to a state prisoner who seeks to challenge the execution of his sentence. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Rather, such a prisoner must seek relief pursuant to Section 2254, which "applies to 'application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of

1

the Constitution . . . of the United States.'" *Id*. (quoting 28 U.S.C. § 2254(a)); *accord Wells v. Annucci*, No. 19-CV-3841 (LLS), 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019) ("A *habeas corpus* petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the constitutionality of his custody."); *Rivers v. U.S. Gov't*, No. 13-CV-1680 (ARR), 2013 WL 1856629, at *1 (E.D.N.Y. May 2, 2013) ("[T]o the extent that petitioner seeks to challenge the constitutionality of his state sentence and custody, he may only do so through a petition pursuant to 28 U.S.C. § 2254 and subject to its requirements.").

Accordingly, when faced with a Section 2241 petition from a prisoner in state custody challenging the execution of his sentence, it is proper for the district court to construe the petition as arising under Section 2254. *See Cook*, 321 F.3d at 278; *see also Musciotto v. Nardelli*, No. 3:19-CV-559 (KAD), 2019 WL 5086691, at *3 (D. Conn. Oct. 10, 2019) (construing petition filed under Section 2241 as governed by Section 2254 where petitioner was a state prisoner challenging a detainer lodged by another state, which the Court found tantamount to a challenge to the execution of his sentence). However, the Second Circuit has also cautioned district courts against converting Section 2241 petitions to Section 2254 petitions because petitioners may thereby be prevented "from ever seeking federal review of claims, even meritorious ones, not raised in [the converted Section 2254 petition]." *Cook*, 321 F.3d at 281. Indeed, Section 2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" certain conditions are satisfied. 28 U.S.C. § 2244(b)(2). Therefore, in order to allow Petitioner to preserve his ability to seek federal review of all of his claims, the petition is DISMISSED without prejudice to refiling pursuant to 28 U.S.C. § 2254.

The Clerk of the Court is directed to close this case. The Clerk is further directed to direct-assign any subsequently filed petition to the undersigned.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of October 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE